## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF THE VIRGINIA

HILDA L. SOLIS, SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT OF LABOR, )
)
        Plaintiff, )
)   C.A. No. 1:11cv1073 (AJT/TRJ)
v. )
)
GLOBALFON, INC., )
)
        Defendant. )

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION TO ENTER DEFAULT JUDGMENT

Plaintiff moves for default judgment against GlobalFon, Inc. ("GlobalFon"). Based on the uncontroverted facts pleaded in the Complaint, GlobalFon has violated the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act") by failing to take fiduciary responsibility for the operation and administration of the GlobalFon 401(k) Plan ("the Plan") and is assets after GlobalFon ceased doing business. As a result of GlobalFon's breach, Plan participants are unable to obtain distributions from the Plan. Accordingly, Plaintiff requests that the Court grant its requested relief – the removal of GlobalFon as the Plan Administrator and the appointment of an independent fiduciary with authority to administer the Plan in order to effectuate its termination. Plaintiff requests injunctive, not monetary, relief. Default judgment is appropriate in this case, as GlobalFon is in default and the requested relief is proper under ERISA.

1. **Introduction**

On or about April 1, 2003, GlobalFon established the Plan to provide benefits to its employees in the event of retirement, death or disability and upon termination of employment. *See* Complaint, Item 1 on Docket, at ¶ 9. Defendant GlobalFon is the Administrator and Sponsor of the Plan. *Id.* at ¶ 8. Since sometime in 2009, when GlobalFon ceased operations, GlobalFon has not taken fiduciary responsibility for the operation and administration of the Plan and its assets, nor has GlobalFon appointed anyone to assume said responsibility. *Id.* at ¶ 10-11. Plan participants have not been able to obtain a distribution from the Plan because GlobalFon has not initiated termination of the Plan and distribution of the assets. *Id.* at ¶ 13. As of June 2010, the Plan had thirteen (13) participants and $354,431.02 in Plan assets. *Id.* at ¶ 10.

2. **This Court Has Jurisdiction Over Plaintiff's Claims**

This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1). The Secretary's Complaint, filed October 4, 2011, seeks relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA. *See* Complaint at ¶ 1. The Secretary, pursuant to Sections 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

3. **Defendant GlobalFon Was Properly Served**

Defendant GlobalFon was properly served through its statutory agent. GlobalFon, a Virginia corporation, is no longer in business and could not be found at its last known address.

*See* Declaration of Ellen Fontenot, attached hereto as Exhibit A. As a result, pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) and Virginia Code § 13.1-637, Plaintiff served the Commonwealth of Virginia's State Corporation Commission ("Commission"), as statutory agency for GlobalFon, with the Complaint and Summons. The Commission filed a Certificate of Compliance with this Court on November 18, 2011. *See* Item 3 on Docket. The Commission mailed a copy of the Complaint and Summons to GlobalFon at its last known address. *See id.* No communication has been received from GlobalFon by the Plaintiff. Upon Plaintiff's request, the Clerk entered default against GlobalFon on December 14, 2011. *See* Item 5 on Docket.

Defendant GlobalFon has failed to plead or otherwise defend in this action and its time to do so pursuant to Rules 4(d)(3), 12(a)(1)(A), 4(h)(1)(B) and 12(a)(1)(A)(i) has expired, Plaintiff is, therefore, entitled to Default Judgment against GlobalFon for failure to plead or otherwise defend in this action.

4. **The Complaint Alleges Facts Establishing a Violation of ERISA**

By the actions and conduct described above, GlobalFon, as a fiduciary of the Plan, failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A). Moreover, GlobalFon failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with similar matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B). *See* Complaint at ¶ 14.

5. **Plaintiff is Entitled to the Relief Sought**

ERISA authorizes the Secretary to bring an action "to enjoin any act or practice which violates any provision of this subchapter," 29 U.S.C. § 1132(a)(5). Furthermore, ERISA provides that when a fiduciary breaches his duties, he "shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1009(a). Accordingly, because the Plaintiff has demonstrated a breach of fiduciary duty, the Court can appropriately grant the relief sought by Plaintiff.

The Plaintiff requests that GlobalFon be removed as fiduciary, and that an independent fiduciary be appointed. The Plaintiff solicited bids from independent fiduciaries and has concluded that Metro Benefits should be appointed in this case. The proposal letter from Metro Benefits, is attached hereto as Exhibit B.

6. **Conclusion**

The Secretary respectfully requests that the Court enter the attached Proposed Order and grant its Motion for Default Judgment.

Respectfully submitted,

| | |
|---|---|
| M. Patricia Smith<br>Solicitor of Labor<br><br>Catherine Oliver Murphy<br>Regional Solicitor<br><br>U.S. DEPARTMENT OF LABOR | BY: _____/s/_____<br>J. Matthew McCracken<br>Attorney<br>Office of the Solicitor<br>Twin Towers<br>1100 Wilson Boulevard, 22nd Floor West<br>Arlington, VA 22207-2247<br>(202) 693-9376<br>(202) 693-9392 (fax)<br>VSB # 31475<br><br>Date: December 19, 2011<br><br>Attorneys for Plaintiff |

4