1:11cv1073

RECEIVED
JAN 24 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

THOMAS RAWLES JONES, JR.
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
401 COURTHOUSE SQUARE
ALEXANDRIA, VIRGINIA 22314-5799

OFFICIAL BUSINESS

GlobalFon, Inc.
13655 Dulles Technology Drive
Suite
Hern

NIXIE 220 4E 1 22-01/22/12
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 22314579999 *2154-06107-18-40

Hasler
016H16503500
$00.440
Mailed From 22314
01/17/2012
US POSTAGE



IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Hilda L. Solis, Secretary of Labor, )
)
               Plaintiff, )
)
v. )   Civil Action No. 1:11cv1073 (AJT/TRJ)
)
GlobalFon, Inc., )
)
               Defendant. )
_____)

FILED JAN 17 2012 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VA

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion for default judgment (no. 6) against defendant GlobalFon, Inc. Pursuant to Va. Code §§ 12.1-19.1 and 13.1-769 E, process for defendant was served on the State Corporation Commission of the Commonwealth of Virginia, which issued a certificate of compliance on November 17, 2011. Plaintiff filed the certificate with the Clerk on November 18, 2011 (no. 3). Defendant has not answered or otherwise responded to the complaint. The Clerk entered default against defendant on December 14, 2011, 2011 (no. 5). The entry of default, which was mailed to defendant's address for service of process, was returned as undeliverable on December 21, 2011 (no. 10). Upon consideration of the record, the magistrate judge makes findings as follows and recommends that default judgment be entered in plaintiff's favor against defendant.

### Jurisdiction and Venue

This court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1), as this matter arises under 29 U.S.C. §§ 1109 and 1132. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), as defendant

resided in this district.

## Standard

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pleaded allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant has failed to plead or defend as provided by and within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55. By defaulting, a defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pleaded facts).

## Factual Background

The well-pleaded allegations of the complaint establish the following facts.

Defendant is a Delaware corporation that had a place of business in Virginia. Compl. ¶ 5. In April 2003, defendant established the GlobalFon, Inc. 401(k) Plan (the "Plan") to provide benefits to defendant's employees in the event of retirement, death, or disability, and upon termination of employment. Compl. ¶¶ 4, 9. Defendant exercised discretionary authority and control with regard to management and administration of the Plan, as well as disposition of the Plan's assets. Compl. ¶ 8.

Defendant ceased operations in 2009, at which time the employment of Plan participants was terminated. Compl. ¶¶ 10, 11. As of June 2010, there were 13 participants in the Plan,

which held $354,431.02 in assets. Compl. ¶ 12. Defendant has not initiated termination of the Plan and distribution of its assets. Compl. ¶ 11.

Plaintiff, who has the statutory responsibility to prosecute claims against fiduciaries and others who violate the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), sues to remove defendant as the fiduciary of the Plan and to replace defendant with another fiduciary.

## Discussion and Findings

The magistrate judge makes the following findings:

First, the magistrate judge finds that defendant was an employer that exercised discretionary authority or discretionary control respecting management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan. Second, the magistrate judge accordingly finds that defendant was a fiduciary with respect to the Plan pursuant to 29 U.S.C. § 1002(21)(A), and therefore a party in interest pursuant to 29 U.S.C. §§ 1002(14)(A) and (C).

Third, the magistrate judge finds that by not initiating termination of the Plan and distribution of its assets, defendant violated 29 U.S.C. § 1104(a)(1)(A) by failing to discharge its fiduciary duties with respect to the Plan "for the exclusive purpose of providing benefits to participants and their beneficiaries; and defraying reasonable expenses of administering the [P]lan." Fourth, the magistrate judge finds that, by the same actions, defendant violated 29 U.S.C. § 1104(a)(1)(B) by failing to discharge its fiduciary duties with respect to the Plan with the requisite care, skill, prudence, and diligence.

Fifth, the magistrate judge finds that injunctive relief is appropriate pursuant to 29 U.S.C.

§ 1132(a)(5). Sixth, the magistrate judge finds that the appropriate relief is removal of defendant as fiduciary of the Plan pursuant to 29 U.S.C. § 1109(a). Seventh, and relying on plaintiff's recommendation, the magistrate judge finds that Metro Benefits, Inc. should be appointed as substitute fiduciary.[1]

## Recommendation

The magistrate judge recommends that default judgment be entered against defendant. The magistrate judge further recommends that the court order removal of defendant as fiduciary of the Plan and replacement by Metro Benefits, Inc.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

January 17, 2012
Alexandria, Virginia

---

[1] *See* Pl.'s Mem. in Supp. of Mot. to Ent. Def. J. (no. 7) p. 4, Exh. B.